UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN JOSEPH MCCARTHY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INDIANA DEPARTMENT OF )<br>CORRECTIONS (I.D.O.C.), )<br>G.E.O. GROUP, )<br>CENTURION MEDICAL, )<br>)<br>Defendants. ) | No. 1:24-cv-00061-JPH-KMB |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Brian Joseph McCarthy is a prisoner at New Castle Correctional Facility. He alleges in this civil action that Defendants have failed to pay medical bills associated with a detached retina he suffered in 2022. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint seeks money damages from three defendants Indiana Department of Correction (IDOC), GEO Group (GEO), and Centurion Medical (Centurion). Plaintiff's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint alleges that Mr. McCarthy suffered a detached retina on June 7, 2022, when he was housed at Westville Correctional Facility. He received medical care to try to restore his sight, but the defendants did not pay the medical bills. On October 16, 2022, Mr. McCarthy was transferred to New Castle Correctional Facility. His medical bills remain unpaid despite his complaints to numerous prison officials. The unpaid bills have negatively affected Mr. McCarthy's credit score and caused him emotional distress.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. First, the Court notes that Mr. McCarthy has checked the box on the complaint form stating that he is suing for a violation of federal law, dkt. 1 at 4.

His claims therefore appear to be brought under 42 U.S.C. § 1983, which "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 592 U.S. 306, 310 (2021).

But Mr. McCarthy cannot state a claim for damages under § 1983 against the IDOC because the IDOC, a state agency, is not a "person" subject to suit under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

Further, Mr. McCarthy has not stated a claim for relief against GEO Group or Centurion. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Mr. McCarthy does not allege that he has been injured a policy, practice, or custom by either GEO Group or Centurion. In fact, he does not allege that he has been denied medical care or that any defendant has violated his constitutional rights. Instead, he alleges only that they have not paid his medical bills.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through November 7, 2024,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 10/11/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN JOSEPH MCCARTHY
283937
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362